UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12260-GAO

)
GREAT AMERICAN ALLIANCE INSURANCE )
COMPANY, GREAT AMERICAN ASSURANCE )
COMPANY, GREAT AMERICAN INSURANCE )
COMPANY, AND GREAT AMERICAN )
INSURANCE COMPANY OF NEW YORK, )
)
        PLAINTIFFS, )
)
v. )
)
RISO, INC., )
)
        DEFENDANT. )
)

**RISO, INC.'S ANSWER AND JURY-
TRIAL DEMAND**

Defendant, RISO, Inc., by way of answer to the Amended Complaint filed by the

above-referenced Plaintiffs, states as follows:

        1.        This paragraph constitutes a summary of Plaintiffs' action to which no response

is required.  To the extent that a response is necessary, Defendant admits that Plaintiffs are

seeking a declaratory judgment against Defendant relating to a dispute about whether Plaintiffs

are obligated to provide Defendant with insurance coverage in connection with the lawsuit

captioned *Modesto City Schools, et al. v. RISO, Inc., et al.*, No. Civ. S-99-2214 (E.D. Cal.,

filed Nov. 5, 1999) ("*Modesto*").  Except as otherwise stated, Defendant denies the allegations

contained in this paragraph.

        2.        Admitted on the basis of current information and belief.

        3.        Admitted on the basis of current information and belief.

        4.        Admitted on the basis of current information and belief.

5.     Admitted on the basis of current information and belief.

6.     Admitted.

7.     This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits, based on current information and belief, that Plaintiffs' citizenship is diverse from Defendant's citizenship. Defendant further admits that the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs.

8.     This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that there is an actual controversy between the parties about certain insurance contracts issued by Plaintiffs to Defendant.

9.     This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that it resides in, and a substantial part of the events or omissions giving rise to this litigation took place in, this district.

10.     This paragraph characterizes *Modesto* litigation and, accordingly, no response is required. Defendant admits that a copy of the amended complaint filed in *Modesto* is attached to Plaintiffs' Amended Complaint.

11.     This paragraph references the *Modesto* pleadings and, accordingly, Defendant states that those documents speak for themselves. Defendant otherwise denies the paragraph as stated.

12.     This paragraph references the *Modesto* pleadings and, accordingly, Defendant states that those documents speak for themselves. Defendant otherwise denies the paragraph as stated.

13.    This paragraph references the *Modesto* pleadings and, accordingly, Defendant states that those documents speak for themselves. Defendant otherwise denies the paragraph as stated.

14.    This paragraph references the *Modesto* pleadings and, accordingly, Defendant states that those documents speak for themselves. Defendant otherwise denies the paragraph as stated.

15.    This paragraph references the *Modesto* pleadings and, accordingly, Defendant states that those documents speak for themselves. Defendant otherwise denies the paragraph as stated.

16.    Defendant admits that Great American Insurance Company of New York f/k/a American National Fire Insurance Company issued to Defendant the following insurance policies:  Policy No. MAC 800-69-20-01 (policy period August 1, 1994 to August 1, 1995); Policy No. PAC 124-18-64-00 (policy period August 1, 1996 to August 1, 1997); Policy No. PAC 124-18-64-01 (policy period August 1, 1997 to August 1, 1998); Policy No. PAC 377-22-25-01; and Policy No. PAC 377-22-25-02.  Defendant is without information sufficient to form a belief as to the truth of the policy periods alleged for Policy No. PAC 377-22-25-01 and Policy No. PAC 377-22-25-02.  Except as otherwise stated, Defendant denies the allegations contained in this paragraph.

17.    Defendant admits that Great American Insurance Company issued to Defendant an insurance policy bearing Policy No. MAC 800-69-20-02 (policy period August 1, 1995 to August 1, 1996).  Except as otherwise stated, Defendant denies the allegations contained in this paragraph.

18.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.    Defendant admits that the policies referenced in paragraphs 16 and 17 of this answer provide coverage for, among other things, "personal injury," subject to certain terms and conditions set forth in the referenced policies.  Except as otherwise stated, Defendant denies the allegations contained in this paragraph.

22.    This paragraph purports to quote insurance policies and, accordingly, Defendant states that those documents speak for themselves.

23.    This paragraph purports to quote insurance policies and, accordingly, Defendant states that those documents speak for themselves.

24.    Defendant admits that Great American Insurance Company of New York f/k/a American National Fire Insurance Company issued to Defendant an insurance policy bearing Policy No. UMB 800-69-23-00 (policy period August 1, 1994 to August 1, 1995).

25.    Defendant admits that Great American Assurance Company f/k/a Agricultural Insurance Company issued to Defendant the following insurance policies:  Policy No. UMB 800-69-23-01 (policy period August 1, 1995 to August 1, 1996); and Policy No. UMB 1-24-18-67-00 (policy period August 1, 1996 to August 1, 1997).  Defendant is without information sufficient to form a belief as to the truth of the allegations relating to Policy No. UMB 1-24-

- 4 -

18-67-01. Except as otherwise stated, Defendant denies the allegations contained in this paragraph.

26.    Defendant admits that Great American Alliance Insurance Company f/k/a American Alliance Insurance Company issued to Defendant the following insurance policies: Policy No. UMB 377-22-28-02 (policy period August 1, 1998 to August 1, 1999); and Policy No. UMB 377-22-28-04 (policy period August 1, 1999 to August 1, 2000). Except as otherwise stated, Defendant denies the allegations contained in this paragraph.

27.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.    Defendant admits that the policies referenced in paragraphs 25 and 26 of this answer provide coverage for, among other things, "personal injury," subject to certain terms and conditions set forth in the referenced policies. Except as otherwise stated, Defendant denies the allegations contained in this paragraph.

30.    This paragraph purports to quote insurance policies and, accordingly, Defendant states that those documents speak for themselves.

31.    This paragraph purports to quote insurance policies and, accordingly, Defendant states that those documents speak for themselves.

32.    Admitted.

33.    Defendant admits as follows: Plaintiffs have wrongfully claimed that they do not have a duty to defend or indemnify Defendant in connection with the *Modesto* litigation. Except as otherwise stated, Defendant denies the allegations in this paragraph.

34.    Admitted.

35.    Admitted.

## Count I

36.    Defendant incorporates by reference its responses to paragraphs 1-35 of

Plaintiffs' Amended Complaint.

37.    Denied.

38.    Denied.

39.    Defendant admits the factual allegations contained in this paragraph's first

sentence. The second sentence constitutes a legal conclusion to which no response is required.

To the extent a response to the second sentence is necessary, Defendant admits that there is an

actual and justiciable controversy between the parties.

## Count II

40.    Defendant incorporates by reference its responses to paragraphs 1-39 of

Plaintiffs' Amended Complaint.

41.    Denied.

42.    Denied.

43.    Defendant admits the factual allegations contained in this paragraph's first

sentence. The second sentence constitutes a legal conclusion to which no response is required.

To the extent a response to the second sentence is necessary, Defendant admits that there is an

actual and justiciable controversy between the parties.

## Demand for Jury Trial

DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES RAISED BY PLAINTIFFS' AMENDED COMPLAINT THAT ARE SO TRIABLE.

RISO, INC.,

By its attorneys,

Martin C. Pentz (BBO # 394050)
Eric P. Magnuson (BBO # 643805)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated:  December 13, 2004

### CERTIFICATE OF SERVICE

I, Eric P. Magnuson, certify that, on December 13, 2004, I caused a copy of this document to be (1) served by hand on Robert A. Kole, Esq., counsel for Defendants, Choate Hall & Stewart, 53 State Street, Boston, MA 02109; and (2) delivered by e-mail to Richard H. Nicolaides, Jr., Esq., counsel for Defendants, Bates & Carey LLP, 191 North Wacker Drive, Suite 2400, Chicago, Illinois 60606.

Eric P. Magnuson

1379754.1