IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> RISO, INC., <br><br> Defendant. <br><br> ─────────────────────── <br><br> RISO, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREAT AMERICAN INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, GREAT AMERICAN ASSURANCE COMPANY, and GREAT AMERICAN ALLIANCE INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Consolidated Civil Action Nos. 04-12260-GAO <br> 04-12397-GAO |

**STATEMENT OF PHASE ONE INITIAL DISCLOSURES OF GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**

Pursuant to Fed. R. Civ. P. 26(a) and D. Mass. Loc. R. 26.1 (B)(2), Plaintiffs, Great American Alliance Insurance Company f/k/a American Alliance Insurance Company ("Great American Alliance"), Great American Assurance Company f/k/a Agricultural Insurance Company ("Great American Assurance"), Great American

Insurance Company ("GAIC"), Great American Insurance Company of New York f/k/a American National Fire Insurance Company ("Great American NY") (collectively, "Great American"), make the following statement of initial disclosures with respect to the first phase of this lawsuit ("Phase One"), which is limited to the issue of whether Great American was obligated to defend RISO, Inc. ("RISO") in connection with the lawsuit entitled *Modesto City Schools, et al. v. RISO, Inc., et al*, No. Civ. S 99-2214 DFL DAD (E.D. Cal., filed Nov. 5, 1999) ("the Underlying Lawsuit").

### A. Identity of Potential Witnesses

Great American identifies the following potential witnesses:

1. John Henry
   Mitsui Sumitomo Marine Management (USA), Inc.
   15 Independence Boulevard
   P.O. Box 4602
   Warren, NJ 07059-0602
   (908) 647-8916

Mr. Henry is employed by Mitsui Sumitomo Marine Management (USA), Inc. as the Assistant Vice-President of Claims and is currently overseeing the handling of the claim involving the Underlying Lawsuit and the pending Declaratory Judgment Action. Mr. Henry may have discoverable information regarding the claim administration of the Underlying Lawsuit, including Great American's coverage position.

2. Robert B. Miller
   Mitsui Sumitomo Marine Management (USA), Inc.
   15 Independence Boulevard
   P.O. Box 4602
   Warren, NJ 07059-0602
   (908) 604-2972

Mr. Miller is employed by Mitsui Sumitomo Marine Management (USA), Inc. as the Senior Vice President of Claims and as of October 1, 2001, Mr. Miller supervised the claim administration of the Underlying Lawsuit on behalf of Great American. Mr. Miller

may have discoverable information regarding the claim administration of the Underlying Lawsuit, including Great American's coverage position.

3. Merrick McCarthy

Mr. McCarthy was employed by Mitsui Sumitomo Marine Management (USA), Inc. as a Claim Specialist and oversaw the handling of the claim involving the Underlying Lawsuit. Mr. McCarthy may have discoverable information regarding the claim administration of the Underlying Lawsuit, including Great American's coverage position. Mr. McCarthy is no longer employed by Mitsui Sumitomo Marine Management (USA), Inc. Great American is in the process of attempting to verify Mr. McCarthy's current contact information.

4. Tom Ornsted
   312 Elm Street
   Suite 1250
   Cincinnati, OH 45202
   (513) 719-8495

Mr. Ornsted is employed by Mitsui Sumitomo Marine Management (USA), Inc. as an Underwriting Specialist. Mr. Ornsted was the Underwriter for Policy Nos. PAC 377-22-25-02 (policy period September 1, 1999 to September 1, 2000) and UMB 3-77-22-28-04 (policy period August 1, 1999 to August 1, 2000). Mr. Ornsted may have discoverable information regarding the issuance of the subject policies.

5. Unidentified Underwriter(s)

Great American is in the process of identifying the Underwriter(s) for policies issued prior to Policy Nos. PAC 377-22-25-02 (policy period September 1, 1999 to September 1, 2000) and UMB 3-77-22-28-04 (policy period August 1, 1999 to August 1, 2000).

**B.    Documents**

The following categories of documents may be used to support Great American's claims or defenses at trial:

1. Commercial General Liability Policies Nos. MAC 800-69-20-01; MAC 800-69-20-02; PAC 124-18-64-00; PAC 124-18-64-01; PAC 377-22-25-00; PAC 377-22-25-01; and PAC 377-22-25-02; issued to RISO, effective from August 1, 1994 to September 1, 1999 and Commercial Umbrella Liability Policy Nos. UMB 800-69-23-00; UMB 8006923-01; UMB 1-24-18-67-00; UMB 1-24-18-67-01; UMB 3-77-22-28-02 and UMB 3-77-22-28-04; issued to RISO, effective from August 1, 1994 to August 1, 2000 (collectively, the "Great American Policies");

2. Pleadings filed in the Underlying Lawsuit;

3. The defense file maintained in the Underlying Lawsuit.

**C.    Computation of Damages**

Great American is not seeking damages with respect to Phase One of this action. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Great American seeks a judicial determination of the respective rights, duties, and obligations under the Great American Policies with respect to the Underlying Lawsuit. Specifically, with respect to Phase One, Great American seeks a declaration that:

(a) Great American has no duty or obligation to defend, reimburse defense costs or pay any sums whatsoever to or on behalf of RISO relating to the defense of the Underlying Lawsuit;

  (b)  Great American has no duty or obligation to indemnify RISO for any judgment, settlement, sum or other amount whatsoever, past, present or future, relating to the Underlying Lawsuit; and

  (c)  Great American is entitled to such other and further relief as this Court deems just and proper.

**D. Insurance Agreements**

This category of disclosure is inapplicable to this matter.

**E. Statements From Opposing Parties**

As of the date of this disclosure, and apart from correspondence or documentation exchanged by the parties (which is already in RISO's possession), Great American is aware of no statements that have been obtained by or on behalf of Great American from officers, directors, or employees of RISO, regarding the subject matter of the claims or defenses.

F.  **Investigation By Government Entities**

Great American is presently unaware of any government agencies or officials that have investigated the transaction or occurrence giving rise to the claims or defenses.

                                Respectfully submitted,

                                GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

| | |
|---|---|
| Richard H. Nicolaides, Jr. | By their attorneys, |
| Mary F. Licari | A. Hugh Scott (BBO#449160) |
| Sarah E. Eversman | Robert A. Kole (BBO#633269) |
| BATES & CAREY LLP | CHOATE HALL & STEWART |
| 191 N. Wacker Drive, Suite 2400 | Exchange Place, 53 State Place |
| Chicago, IL 60606 | Boston, MA 02109-2804 |
| Tel:    (312) 762-3210 | Tel:    (617) 248-5000 |
| Fax:   (312) 762-3200 | Fax:   (617) 248-4000 |

166614

Date:  March 25, 2005

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 3/25/05

6