UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Consolidated | 04-12260-GAO |
| Civil Action Nos. | 04-12397-GAO |

GREAT AMERICAN ALLIANCE )
INSURANCE COMPANY, et al., )
)
Plaintiffs, )
)
v. )
)
RISO, INC., )
)
Defendant. )

RISO, INC., )
)
Plaintiff, )
)
v. )
)
GREAT AMERICAN INSURANCE )
COMPANY, et al., )
)
Defendants. )

## [PROPOSED] PRETRIAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling conference was held on April 4, 2005. The Court hereby orders as follows:

1. **PHASING:**

At issue in this consolidated action are the obligations, if any, of Great American Alliance Insurance Company, Great American Assurance Company, Great American Insurance Company, and/or Great American Insurance Company of New York (collectively, "Great

American") owed to RISO, Inc. ("RISO") with respect to the lawsuit captioned *Modesto City Schools, et al. v. Riso, Inc., et al.*, No. Civ. S. 99-2214 DFL DAD (E.D. Cal., filed Nov. 5, 1999) (the "Modesto City Schools Lawsuit"). Specifically, the parties each seek a declaration as to whether Great American was obligated to defend and indemnify RISO with respect to the Modesto City Schools Lawsuit.

This consolidated action shall proceed in two phases. The first phase ("Phase One") will be limited to the following issue: whether Great American was obligated to defend RISO in connection with the Modesto City Schools Lawsuit (the "Phase One Issue"). Each of the parties believes that the dispute relating to the Phase One Issue can be resolved on summary judgment. Accordingly, each party intends to seek resolution of the Phase One Issue through summary-judgment motion practice.[1] The parties understand and agree that if the Phase One Issue is decided in Great American's favor, Great American will have no duty to defend or indemnify RISO with respect to the Modesto City Schools Lawsuit, and entry of judgment in favor of Great American will be appropriate, subject to appeal according to the applicable rules. If it is determined that Great American owed a defense to RISO, or if the Court deems that the Phase One Issue involves a genuine issue of material fact, the litigation will proceed into its second phase ("Phase Two"). Phase Two will address all remaining issues (the "Phase Two Issues").

---

[1] The parties understand and acknowledge that the period established herein for Phase One discovery will be sufficient to permit a determination on the parties' motions for summary judgment of any defenses relating to the duty-to-defend issue such that, in the event RISO's motion for summary judgment is allowed, the second phase of the litigation will concern matters other than the Phase One Issue, as defined above.

2. **INITIAL DISCLOSURES:**

(a) **Phase One:** The Court understands that the parties have made the disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)-(B) and 26(a)(1)(D) concerning the Phase One Issue.

(b) **Phase Two:** If during Phase One it is determined that Great American owed a defense to RISO, or if the Court deems that the Phase One Issue involves a genuine issue of material fact, the Court, after conducting a Federal Rule of Civil Procedure 16 conference as provided for in Paragraph 6, will establish the date for making disclosures concerning the Phase Two Issues pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(A)-(C).

3. **AMENDMENT OF PLEADINGS/JOINDER OF PARTIES:**

All motions to amend or for joinder of parties must be filed by April 19, 2005.

4. **DISCOVERY**

(a) **Phase One:** All fact discovery (including fact depositions) relating to the Phase One Issue shall be served (or noticed) with sufficient time to be completed by June 16, 2005. The number of discovery events for each side shall be limited in accordance with LR 26.1(C).

(b) **Phase Two:** If during Phase One it is determined that Great American owed a defense to RISO, or if the Court deems that the Phase One Issue involves a genuine issue of material fact, the Court, after conducting a Federal Rule of Civil Procedure 16 conference as provided for in Paragraph 6, will establish the deadlines and discovery-event limitations for fact and expert discovery relating to the Phase Two Issues.

- 4 -

5. **DISPOSITIVE MOTIONS**

(a) **Phase One:** Motions for summary judgment relating to the Phase One Issue must be filed by July 19, 2005. Summary-judgment oppositions must be filed by August 9, 2005. The Court will conduct a summary-judgment hearing on _____, 2005.

(b) **Phase Two:** If during Phase One it is determined that Great American owed a defense to RISO, or if the Court deems that the Phase One Issue involves a genuine issue of material fact, the Court, after conducting a Federal Rule of Civil Procedure 16 conference as provided for in Paragraph 6, will decide whether any Phase Two Issues are proper for summary-judgment motion practice and, if so, what the dispositive-motion schedule should be.

6. **Rule 16 Hearing:**

If during Phase One it is determined that Great American owed a defense to RISO, or if the Court deems that the Phase One Issue involves a genuine issue of material fact, the Court will conduct a Federal Rule of Civil Procedure 16 conference (the "Second Conference") to address Phase Two issues, as noted above in paragraphs 2(b), 4(b), and 5(b) and, in addition, to establish the schedule for Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, the submission of a pretrial memorandum, motions in limine, the final pretrial conference, and

- 5 -

trial. The parties shall confer no later than ten days before the Second Conference to attempt to address scheduling issues. The parties shall file no later than five days before the Second Conference a joint statement containing a proposed pretrial schedule.

SO ORDERED.

DATED: _____, 2005

_____
George A. O'Toole, Jr.
U.S.D.J.

1415892.2