UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RISO, INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| RISO INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Consolidated Civil Action Nos. 04-12260-GAO
04-12397-GAO

**RISO, INC.'S MOTION TO FOR SUMMARY JUDGMENT
ON INSURERS' DUTY TO DEFEND**

Pursuant to Fed. R. Civ. P. 56(b), Riso, Inc. ("Riso") hereby moves for an interlocutory summary judgment declaring that Great American Insurance Company, and Great American Insurance Company of New York ("GAICNY") (collectively "GAIC") were obligated by the terms of certain insurance policies issued to Riso by GAIC to provide Riso with a defense in the litigation, *Modesto City Schools, et al. v. Riso, Inc., et al*, No. Civ. S 99-2214 DFL DAD (E.D.

Cal., filed Nov. 5, 1999) ("*Modesto*" or the "underlying suit"). Riso further moves that this Court hold that in refusing to defend Riso in *Modesto*, GAIC breached the subject policies.

In support of this motion, Riso states that there is no genuine dispute as to any fact material to its entitlement to the requested relief and that, for the reasons stated in its memorandum of law, Riso is entitled to such relief as a matter of law.

### CONCISE STATEMENT OF MATERIAL FACTS

Pursuant to LR 56.1, Riso sets forth below a concise statement of the material facts of record as to which it contends there is no genuine issue to be tried.

### The Parties

1.  Riso is a Massachusetts corporation with its principle place of business in Danvers, Massachusetts. Affidavit of Daniel S. Weil at ¶ 1 (hereinafter "Weil Aff.") (attached hereto as Exhibit A). Riso, a subsidiary of Riso-Kagaku Corporation, distributes "Riso" brand digital duplicating machines known as "Risographs" throughout the United States, as well as in a number of other countries. *Id.* at ¶ 2. Riso also distributes Riso brand parts and supplies for use in Risographs, including specially formulated inks and masters. *Id.*

2.  Great American Insurance Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio. GAIC's Answer and Affirmative Defense (#04-12397 GAO ("Consolidated Case") Paper No. 2) at ¶ 2. Great American Insurance Company is licensed to sell insurance in Massachusetts. *Id.*

3.  GAICNY is a New York corporation with its principal place of business in Ohio. *Id.* at ¶ 3. GAICNY is licensed to sell insurance in Massachusetts. *Id.*

## The Policies

4.      Between 1990 and 1999, Riso purchased insurance policies from GAIC bearing the following policy numbers and policy periods:

MAC 800-69-20-01, effective August 1, 1994 to August 1, 1995;
MAC 800-69-20-02, effective August 1, 1995 to August 1, 1996;
PAC 124-18-64-00, effective August 1, 1996 to August 1, 1997;
PAC 124-18-64-01, effective August 1, 1997 to August 1, 1998;
PAC 377-22-25-00, effective August 1, 1998 to August 1, 1999;
PAC 377-22-25-02, effective August 1, 1999 to August 1, 2000.

*Id.* at ¶¶ 7-12.

5.      These policies were negotiated on Riso's behalf by Riso's insurance broker, the Boston, Massachusetts office of J&H March & McLennan ("Marsh"), and were delivered in Massachusetts. Weil Aff. at ¶ 5. Riso is a named insured under the policies and paid the premiums when due. *Id.*

6.      Although the policies did not all use the same coverage forms, the insuring agreements and key definitions are essentially identical. March 20, 2000 GAIC Letter Disclaiming Coverage ("GAIC Letter") at 24 (attached as Exhibit 2 to Weil Aff.). The language of the policies is set forth on pages 18 to 23 of the GAIC letter. *Id.* at 18-23. Portions of the policies are attached to GAIC's Amended Complaint as Exhibits B-F (#04-12260-GAO ("Lead Case"), Paper No. 3)).

7.   The policies provide, or substantially provide:

COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

Insuring Agreement

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" . . . .  We will have the right and duty to defend the Insured against any "suit" seeking those damages to which this insurance applies. . . .

b.   This insurance applies to: (1) "personal injury" caused by an offense arising out of your business . . . .

*Id.* at 19-20.

8.   The policies define "personal injury" as "injury, other than 'bodily injury,' arising out of one or more of the following offenses: . . . d. oral or written publication of material that . . . disparages a person's or organization's goods, products, or services . . . ." *Id.* at 22-23.

## The Underlying Suits

### *Western Duplicating*

9.   In early 1998, Riso was served with a complaint in *Western Duplicating, Inc. v. Riso, Inc.*, Case No.: CIV. S 98-0208 FCD GGH ("*Western Duplicating*"), filed in federal district court in California by Western Duplicating, Inc.  Weil Aff. at ¶ 6.

10.  Western Duplicating was a distributor of generic duplicating supplies and one of Riso's competitors for supplies for Risographs.  *Id.*; *Western Duplicating* Complaint at 6, ¶ XIV (copy attached as <u>Exhibit</u> 1 to Weil Aff.)  The *Western Duplicating* complaint alleged that Riso and its dealers had illegally conspired to exclude Western Duplicating from the Risograph supply market by, among other things, disparaging generic supplies, such as those distributed by Western Duplicating.  *Western Duplicating* Compl. at 57, ¶ CLXXXV *et seq.*

11.     Riso notified Marsh of the *Western Duplicating* litigation, Marsh notified GAIC, and GAIC agreed to provide Riso with a defense. Weil Aff. *Id.* at ¶ 7.

### *Modesto*

12.     In November 1999, while *Western Duplicating* was being litigated, Riso was served with the *Modesto* complaint. *Id.* at ¶ 8. *Modesto* was brought by Modesto City Schools and the Stockton Unified School District as a putative class action on behalf of "all public schools and school districts in the United States owning or leasing or operating Risographs." *Modesto* Complaint at ¶ 6 (attached as Exhibit A to GAIC's Amended Complaint (Lead Case, Paper No. 3)); *Modesto* Amended Complaint at ¶ 6 (attached as Exhibit 1 to Affidavit of Edwin G. Harvey, Esq. ("Harvey Aff."), which is attached hereto as Exhibit B).

13.     The *Modesto* plaintiffs, in a memorandum joined by Riso, described *Western Duplicating* as the "genesis" of the *Modesto* litigation. Memorandum of Points & Authorities in Support of Joint Motion for Approval of Dismissal Without Prejudice of Putative Class Action, at 6 ("Modesto Memo") (attached as Exhibit 2 to Harvey Aff.).

14.     The *Modesto* plaintiffs, in the Modesto Memo joined by Riso, stated that all of the *Western Duplicating* claims "rested on allegations of defamation and disparagement," and characterized the *Modesto* complaints as "contain[ing] factual allegations similar to those in the *Western* Complaint, including allegations that . . . Riso disparaged non-Riso supplies." Modesto Memo at 6-7.

15.     As summarized by the *Modesto* court, the *Modesto* complaint "alleged ten claims . . . arising out of defendants' alleged disparagement of non-Riso supplies." Nov. 17 Memorandum and Order at 2-3 (attached as Exhibit 3 to Harvey Aff.).

16. The original and amended *Modesto* complaints alleged a conspiracy—originating in or around October 1994—between Riso and its dealers to "create, preserve and enhance Riso's monopoly power" in the retail markets for Risograph service and supplies through a "concerted strategy by RISO and its dealers to falsely disparage non-RISO inks and masters suitable for use in Risographs." Compl. at ¶¶ 16, 53-55, 149; Amended Compl. at ¶¶ 16, 51-53, 100.

17. The *Modesto* plaintiffs alleged that "one part of [this] concerted strategy . . . to falsely disparage non-RISO inks and masters" involved placing stickers on all Risographs warning customers to use only Riso-manufactured supplies. Compl. ¶¶ 147, 149; Amended Compl. ¶¶ 98, 100. "This strategy," the plaintiff's alleged, "indiscriminately disparag[ed] all non-RISO supplies." Compl. ¶ 147; Amended Compl. ¶ 98.

18. The *Modesto* plaintiffs alleged that "RISO refers to any non-RISO source of inks or masters for use in Risographs as being a "pirate," "supply pirate," or "generic pirate," and alleged that Riso engaged in "routine disparagement of all 'generic' or 'pirate' supplies." Compl. ¶¶ 56, 147; Amended Compl. ¶¶ 54, 100.

19. Riso's "routine disparagement" of non-Riso supplies allegedly included "warning [its school customers] that if they use 'non-RISO manufactured inks or masters' they may 'cause serious damage to the ink cylinder and the Risograph' and in turn cause 'repair or service problems . . . ,'" and sending letters stating that "RISO INC., does not 'recommend the use of non-genuine supplies in any Risograph product.'" Compl. ¶¶ 145, 147; Amended Compl. ¶¶ 96, 98.

20. As a result of Riso's alleged illegal conduct, the *Modesto* plaintiffs alleged that Riso had caused them to pay more for Risograph supplies than they would otherwise have had to pay, thereby causing them injury.  Compl. ¶ 150; Amended Compl. ¶ 101.

21. Riso notified Marsh of the *Modesto* litigation and Marsh notified GAIC.  Weil Aff. ¶ 9.  GAIC disclaimed coverage and refused to provide Riso with a defense in *Modesto*.  *Id.*; GAIC Letter at 28.

22. Riso defended itself in *Modesto* at its own considerable expense.  Weil Aff. ¶ 10.  *Modesto* was dismissed in November 2003 after settlement.  *Id.*

## Procedural Background

23. Riso filed a declaratory judgment action against GAIC in Massachusetts Superior Court on October 27, 2004.  *Riso, Inc. v. Great Am. Ins. Co., et al*, C.A. No. 04-4683 (Suffolk, filed Oct. 27, 2004) (copy included in State Court Record, Consolidated Case, Paper 2).

24. On November 12, 2004, GAIC removed the Massachusetts suit to the U.S. District Court for the District of Massachusetts, where it was consolidated with this action filed by GAIC against Riso.  Notice of Removal, Consolidated Case, Paper 1; Order on Motion to Consolidate Cases, Lead Case (unnumbered docket entry).

## REQUEST FOR ORAL ARGUMENT

Pursuant to LR 7.1(D), the plaintiffs hereby request a hearing on the present motion.

>RISO, INC.
>
>By its attorneys,
>
>/s/ Martin C. Pentz_____
>Martin C. Pentz  BBO# 39405
>Jeremy A. M. Evans  BBO# 661048
>Foley Hoag, LLP
>155 Seaport Boulevard
>Boston, MA 02210-2600
>(617) 832-1000

Dated: August 18, 2005

## CERTIFICATION

Pursuant to LR 7.1(A)(2), I hereby certify that I have conferred with counsel for GAIC and have attempted in good faith to resolve or narrow the issue presented by this motion.

>/s/ Martin C. Pentz_____