UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> RISO, INC., <br><br> Defendant. <br><br> ──────────────────────── <br><br> RISO INC., <br><br> Plaintiff, <br><br> v. <br><br> GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, <br><br> Defendants. | Consolidated Civil Action Nos. 04-12260-GAO <br> 04-12397-GAO |

## AFFIDAVIT OF DANIEL S. WEIL

I, Daniel S. Weil, hereby depose and state as follows:

1. I am the President and Chief Executive Officer of RISO, Inc. ("Riso"), which is headquartered in Danvers, Massachusetts. I have held this position since 1995.

2. Riso is a distributor of "Riso" brand digital duplicating machines known as "Risographs." Riso also distributes "Riso" brand parts and supplies, including ink and masters specially formulated for use in Risographs. Riso products are generally manufactured by Riso's

corporate parent, Riso Kagaku Corporation, and are distributed by Riso throughout the United States, as well as in a number of other countries.

4. 3. My position at Riso involves ultimate responsibility for corporate liability and insurance matters. I am generally familiar with the company's insurance program, both currently and historically, through my position and through others who worked on corporate insurance issues prior to my arrival in 1995.

4. Between 1990 and 1999, Riso purchased both primary and umbrella commercial general liability insurance policies from Great American Alliance Insurance Company, Great American Assurance Company, Great American Insurance Company, and Great American Insurance Company of New York (collectively "GAIC").

5. These policies were negotiated on Riso's behalf by Riso's insurance broker, the Boston, Massachusetts office of J&H Marsh & McLennan ("Marsh"), and were delivered in Massachusetts. Riso is a named insured under the policies and paid the premiums when due.

6. In early 1998, Riso was served with a complaint filed in federal district court in California by Western Duplicating, Inc., a distributor of generic duplicating supplies and one of Riso's competitors for supplies, including inks and masters, for use in Risographs. Western Duplicating's complaint (a copy of which is attached hereto as <u>Exhibit</u> 1) alleged that Riso and its dealers had illegally conspired to exclude Western Duplicating from the Risograph supply market by, amongst other things, disparaging generic supplies, such as those distributed by Western Duplicating.

7. Riso notified Marsh of the Western Duplicating litigation, Marsh notified GAIC, and GAIC agreed to provide Riso with a defense in the Western Duplicating litigation.

8.      In November 1999, while the Western Duplicating case was being litigated, Riso was served with a complaint filed in federal district court in California by Modesto City Schools and the Stockton Unified School District on behalf of a putative class of public schools and school districts. The complaint alleged, amongst other things, that by disparaging non-Riso supplies such as those distributed by Western Duplicating, Riso had caused the schools to pay more for Risograph supplies than they would otherwise have had to pay.

9.      Riso notified Marsh of the Modesto City Schools litigation and Marsh notified GAIC. In a letter dated March 20, 2000 (a copy of which is attached hereto as <u>Exhibit</u> 2), GAIC disclaimed coverage and refused to provide Riso with a defense with respect to the Modesto City Schools litigation.

10.     Riso defended itself in the Modesto City Schools litigation at its own considerable expense. The Modesto City Schools litigation was dismissed in November 2003 after settlement on terms favorable to Riso.

Signed under the penalties of perjury this 18th day of August, 2005.

_____
Daniel S. Weil