UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RISO, INC., | ) ) ) | Consolidated Civil Action Nos. 04-12260-GAO 04-12397-GAO |
| Defendant. | ) ) | |
| RISO INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**RESPONSE OF RISO, INC. TO
GAIC'S STATEMENT OF MATERIAL UNDISPUTED FACTS**

Pursuant to Local Rule 56.1 of the United States District Court for the District of Massachusetts, Riso, Inc. ("Riso") sets forth herein, in correspondingly numbered paragraphs, Riso's response to GAIC's Local Rule 56.1 Statement of Material Undisputed Facts.

**RESPONSES**

**Paragraphs 1 - 17:**   Undisputed.

**Paragraphs 18 - 29:**   Undisputed except to the extent that GAIC's characterization of the *Modesto* complaint places undue emphasis on Riso's alleged anticompetitive *purpose* while largely ignoring both (1) the *means* through which Riso allegedly pursued this purpose, and (2) the disparaging *effect* of Riso's alleged actions.

**Paragraph 30:**   Undisputed.

**Paragraph 31:**   Undisputed except to the extent that GAIC's characterization of the *Modesto* complaint places undue emphasis on Riso's alleged anticompetitive *purpose* while largely ignoring both (1) the *means* through which Riso allegedly pursued this purpose, and (2) the disparaging *effect* of Riso's alleged actions.

**Paragraph 32:**   Disputed on the basis that Riso's alleged disparaging statements "concerned" the *Modesto* plaintiffs because the plaintiffs were the alleged audience for Riso's disparaging statements, and acted to their detriment as a direct result of the disparaging statements. Riso does not dispute that the *Modesto* complaint alleged that Riso's disparaging statements disparaged Riso's competitors and their products, and did not disparage the *Modesto* plaintiffs or the *Modesto* plaintiffs' products.

**Paragraph 33:**   Undisputed.

**Paragraph 34:**   Undisputed except to the extent that GAIC's characterization of Riso's admissions suggests that Riso admits that the *Modesto* plaintiffs did not seek damages as a result of Riso's alleged disparaging statements. Riso admits that the *Modesto* plaintiffs sought damages for injury arising out of Riso's alleged disparagement of Riso's competitors and their products.

**Paragraph 35:** Undisputed except to the extent that GAIC's characterization of Riso's admissions suggests that Riso admits that it did not pay any money in settlement of the *Modesto* action for alleged injury arising out of Riso's alleged disparagement of Riso's competitors and their products. Riso admits only that it did not pay any money in settlement of the *Modesto* action for disparagement of the *Modesto* plaintiffs or the *Modesto* plaintiffs' products.

**Paragraph 36-40:** Undisputed.

Riso, Inc.

By its attorneys,

/s/ Martin C. Pentz
Martin C. Pentz  (BBO# 39405)
Jeremy A. M. Evans  (BBO# 661048)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: September 8, 2005