IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RISO, INC.<br><br>    Defendant.<br><br>RISO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY, et al.,<br><br>    Defendants. | Consolidated    04-12260-GAO<br>Civil Action Nos. 04-12397-GAO<br><br><br>Honorable Judge George A. O'Toole, Jr. |

**GREAT AMERICAN'S RESPONSE TO
RISO'S LOCAL RULE 56.1 STATEMENT OF FACTS**

Pursuant to District of Massachusetts Local Rule 56.1 and Federal Rule of Civil Procedure 56, Plaintiffs Great American Alliance Insurance Company f/k/a American Alliance Insurance Company, Great American Assurance Company f/k/a Agricultural Insurance Company, Great American Insurance Company and Great American Insurance Company of New York f/k/a American National Fire Insurance Company (collectively "Great American") respond to the Statement of Material Facts of RISO, Inc. ("RISO's Statement of Facts").

3980223v1

## The Parties

1. Great American does not dispute the facts set forth in Paragraph 1.

2. Great American does not dispute the facts set forth Paragraph 2.

3. Great American does not dispute the facts set forth in Paragraph 3.

## The Policies

4. The policy information contained in Paragraph 4 is not accurate. Great American refers the Court to Paragraph 2 of Great American's Statement of Material Undisputed Facts for a complete and accurate list of policy numbers and policy periods.

5. Great American does not dispute the facts set forth in Paragraph 5.

6. Great American does not dispute that the personal injury insuring agreements and personal injury definitions in the Great American policies issued to RISO, Inc. ("RISO") are substantially similar. Great American denies that all of the terms of the Great American policies issued to RISO are identical. For a complete recitation of the policy provisions at issue, Great American refers the Court to the Affidavit of Richard Nicolaides ("Nicolaides Aff."), Tabs A through L, filed in support of Great American's Motion for Summary Judgment.

7. The Great American policies speak for themselves. For a complete recitation of the policy provisions at issue, Great American refers the Court to Nicolaides Aff., Tabs A through L.

8. The Great American policies speak for themselves. For a complete recitation of the policy provisions at issue, Great American refers the Court to Nicolaides Aff., Tabs A through L.

3980223v1

## The Underlying Suits

### *Western Duplicating*

9. Great American does not dispute the facts set forth in Paragraph 9.

10. The complaint in the *Western Duplicating* action speaks for itself. For a complete recitation of the allegations in the *Western Duplicating* complaint, we refer the Court to Nicolaides Aff., Tab P.

11. Great American does not dispute the facts set forth in Paragraph 11.

### *Modesto*

12. Great American admits that RISO was sued by the Modesto City Schools and the Stockton Unified School District. For a complete recitation of the complaints in the *Modesto* action, we refer the Court to the *Modesto* original and First Amended Complaints attached as Exhibits A2 and B1 to RISO's Statement of Facts.

13. Great American admits that RISO and the *Modesto* plaintiffs drafted a Memorandum of Points and Authorities in Support of their Joint Motion for Approval of Dismissal Without Prejudice Of Putative Class Action. The memorandum speaks for itself and we refer the Court to RISO's Statement of Facts, Exhibit B2, for a complete recitation of the memorandum. Great American denies that the *Western Duplicating* action was the "genesis" of the *Modesto* litigation, which is argumentative and is not supported by the undisputed facts.

14. Great American admits that RISO and the *Modesto* plaintiffs drafted a Memorandum of Points and Authorities in Support of their Joint Motion for Approval of Dismissal Without Prejudice Of Putative Class Action. Great American disputes RISO's assertion that the *Modesto* complaints "contain[ed] factual allegations similar to those in the *Western* complaint, including allegations that ... Riso disparaged non-Riso supplies," which is not supported by the allegations in the Modesto complaints, construing the complaints as a whole

as Massachusetts law requires. For a complete recitation of the complaints in the *Modesto* action, we refer the Court to the *Modesto* original and First Amended Complaints attached as Exhibits A2 and B1 to RISO's Statement of Facts.

15. Great American disputes Fact No. 15 of RISO's Statement of Facts. The purported characterizations of the *Modesto* complaints in the court's order were not findings of fact by the *Modesto* court, but instead characterizations lifted from a memorandum drafted by RISO and the Modesto Plaintiffs, while RISO was demanding a defense from Great American. The *Modesto* court specifically noted in its opinion that it was not making any findings of fact, but instead "derived all facts referenced in this order from the parties' jointly-filed Memorandum." RISO Statement of Material Facts, Exhibit B3 at 2.

16. Great American disputes RISO's assertion that the *Modesto* complaints "alleged a conspiracy," strictly through a "'concerted strategy by RISO and its dealers to falsely disparage non-RISO inks and masters suitable for use in Risographs,'" construing the complaints as a whole as Massachusetts law requires. For a complete recitation of the complaints in the *Modesto* action, we refer the Court to the *Modesto* original and First Amended Complaints attached as Exhibits A2 and B1 to RISO's Statement of Facts.

17. Great American admits that the *Modesto* complaints contain the allegations set forth in Fact No. 17 of RISO's Statement of Facts, however, Massachusetts law requires that the complaints be construed as a whole. For a complete recitation of the complaints in the *Modesto* action, we refer the Court to the *Modesto* original and First Amended Complaints attached as Exhibits A2 and B1 to RISO's Statement of Facts.

18. Great American admits that the *Modesto* complaints contain the allegations set forth in Fact No. 18 of RISO's Statement of Facts, however, Massachusetts law requires that the

3980223v1

complaints be construed as a whole. For a complete recitation of the complaints in the *Modesto* action, we refer the Court to the *Modesto* original and First Amended Complaints attached as Exhibits A2 and B1 to RISO's Statement of Facts.

19. Great American admits that the *Modesto* complaints contain the allegations set forth in Fact No. 19 of RISO's Statement of Facts, however, Massachusetts law requires that the complaints be construed as a whole. For a complete recitation of the complaints in the *Modesto* action, we refer the Court to the *Modesto* original and First Amended Complaints attached as Exhibits A2 and B1 to RISO's Statement of Facts.

20. Great American admits that the *Modesto* complaints contain the allegations set forth in Fact No. 20 of RISO's Statement of Facts, however, Massachusetts law requires that the complaints be construed as a whole. For a complete recitation of the complaints in the *Modesto* action, we refer the Court to the *Modesto* original and First Amended Complaints attached as Exhibits A2 and B1 to RISO's Statement of Facts.

21. Great American does not dispute the facts set forth in Paragraph 21.

22. Great American does not dispute the facts set forth in Paragraph 22.

## Procedural Background

23. Great American does not dispute that RISO filed a declaratory judgment action in Massachusetts Superior Court on the same day, October 27, 2004, that Great American filed the instant lawsuit.

3980223v1

24. Great American does not dispute the facts set forth in Paragraph 24.

Respectfully submitted,

GREAT AMERICAN INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, GREAT AMERICAN ASSURANCE COMPANY, and GREAT AMERICAN ALLIANCE INSURANCE COMPANY

By their attorneys,

Richard H. Nicolaides, Jr.  
Mary F. Licari  
Sarah E. Eversman  
Bates & Carey LLP  
191 N. Wacker Drive, Suite 2400  
Chicago, IL 60606  
Tel:   (312) 762-3210  
Fax:   (312) 762-3200  

_____  
A. Hugh Scott (BBO#449160)  
Robert A. Kole (BBO#633269)  
Choate, Hall & Stewart  
Two International Place, 100-150 Oliver Street  
Boston, MA 02110  
Tel:   (617) 248-5000  
Fax:   (617) 248-4000  

Date:   September 8, 2005

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 9/8/05

3980223v1

6