UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>        Plaintiffs,<br><br>    v.<br><br>RISO, INC.,<br><br>        Defendant.<br><br>RISO INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>        Defendants. | Consolidated Civil Action Nos. 04-12260-GAO<br>04-12397-GAO |

**RISO, INC.'S MOTION FOR LEAVE TO FILE THE ACCOMPANYING REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(B)(3), Riso, Inc. ("Riso") hereby moves for leave to file the accompanying Memorandum in Reply to GAIC's Opposition to Riso's Motion for Summary Judgment ("Reply Memorandum") (attached hereto as Exhibit 1). As grounds for this motion, Riso submits that the Reply Memorandum will assist the Court in resolving the underlying motion. The Reply Memorandum responds to three points raised for the first time by GAIC in its opposition to Riso's motion for summary judgment. Most significantly, only in its opposition

does GAIC substantively address *Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 545 N.E.2d 1156 (Mass. 1989) ("*BSO*").[1]  Because Riso believes that the Massachusetts Supreme Judicial Court's holding in *BSO* dictates the proper result in this case, Riso should be permitted to respond to GAIC's attempts to distinguish *BSO* from the present case.

WHEREFORE, Riso respectfully requests that the Court grant it leave to file the accompanying Reply Memorandum.

RISO, INC.

/s/ Martin C. Pentz
Martin C. Pentz  (BBO# 39405)
Jeremy A. M. Evans  (BBO# 661048)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated:  October 13, 2005

**CERTIFICATION**

Pursuant to LR 7.1(A)(2), I hereby certify that I have conferred with counsel for GAIC and have attempted in good faith to resolve or narrow the issue presented by this motion.

/s/ Jeremy A. M. Evans

---

[1] In its memorandum in support of its motion for summary judgment, GAIC referenced *BSO* only as an "e.g." cite in a brief footnote.  *See* GAIC's Memorandum in Support of Motion for Summary Judgment at 11, n. 7.