IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 14  P 3: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RISO, INC. <br><br> Defendant. | Consolidated    04-12260-GAO <br> Civil Action Nos.    04-12397-GAO <br><br> Honorable Judge George A. O'Toole, Jr |
| RISO, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREAT AMERICAN INSURANCE COMPANY, et al., <br><br> Defendants. | |

**GREAT AMERICAN'S OPPOSITION TO RISO'S
MOTION FOR LEAVE TO FILE A REPLY OR, IN THE
ALTERNATIVE, MOTION FOR LEAVE TO FILE A SUR-REPLY**

Great American Alliance Insurance Company, Great American Assurance Company, Great American Insurance Company and Great American Insurance Company of New York (collectively "Great American") submit this opposition to the Motion for Leave to File a Reply Memorandum of Riso, Inc. ("Riso").

    **A.**     **The Rules Of This Court And The Parties' Scheduling Order Do Not Allow Reply Briefs, Particularly A Brief Filed So Late**

Riso and Great American conferred and reached agreement on a scheduling order that called for the parties to simultaneously file cross-motions for summary judgment and response briefs aimed at a single issue -- whether Great American had a duty to defend Riso under the

3995026v1

personal injury coverage provision in its insurance policies. Pursuant to that schedule, the parties filed initial briefs on August 18, 2005 and opposition briefs on September 8, 2005. Riso did not request, nor did the parties agree to file, reply briefs.

On October 13, 2005, more than one month after summary judgment briefing closed in this matter, Riso filed a motion seeking leave to file yet another brief directed at the exact same issue the parties each already have briefed twice. Neither Local Rule 7.1(B)(3), Local Rule 56.1 nor the parties' agreed-upon scheduling order permit such "adversarial excess." *Sanders Assoc., Inc. v. Summagraphics Corp.*, 119 F.R.D. 1 (D. Mass. 1988). Only extraordinary circumstances - - new dispositive case law, new facts not previously disclosed - - can justify filing a reply brief under these circumstances. No such circumstances exist; instead, Riso seeks only to beat the proverbial dead horse, which it still has an opportunity to do if it is so inclined, during oral argument before this Court.

### B.   Riso Wants The Last Word But It Has No Grounds To File More Paper With This Court

Riso argues that a reply is necessary because Great American raised "three points" for the first time in its opposition brief.[1] Riso does not identify these new "points," but we can surmise from its reply, which consists of three sections, what they must be - - the *Boston Symphony* decision, Great American's discussion of its "legally obligated to pay" policy language and the *Western Disposal* case. Riso appears to be most troubled by Great American's discussion of *Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 545 N.E.2d 1156 (Mass. 1999), because Riso singles out the case and argues that Great American did not "substantively" discuss the case until its opposition brief.

---

[1] Of course, Riso does not explain why it took more than five weeks for it to respond to these points, when summary judgment opposition briefs were submitted within three weeks of initial briefing.

2

3995026v1

Riso's argument that it was somehow surprised by Great American's discussion of *Boston Symphony* in its opposition brief fails the blush test. Riso engages in a lengthy analysis of the *Boston Symphony* decision in its opening brief at pages 12-15, and discusses the case repeatedly in 8 of the 15 pages of its opposition brief. (*See* Riso's Opening Br. at 12-17; Riso's Oppos. Br. at 4, 7-12, 14.) Section D-1 of Great American's opening brief discusses its "legally obligated to pay" policy language, which Riso inaccurately argues Great American raised for the first time in its opposition brief. (Great American Opening Br. at 12-13, 15, 18-19.) Riso discussed the *Western Disposal* case in its opening brief at pages 1-2, 4. There is simply nothing "new" for Riso to refute. Riso's reply brief is nothing more than an attempt to obtain the last word on a straightforward issue about which it already has burdened the Court with more than 33 pages of briefing. No more is warranted, or needed.

The parties have fully framed the issues for the Court. Obviously, this Court is perfectly capable of reading and interpreting the cases the parties cite. Riso has no right to a third bite at the apple, particularly with oral argument still pending.

3995026v1

### C. Alternatively, Great American Should Be Allowed To File A Sur-Reply

While Great American believes that reply papers are not necessary or proper in this instance, if the Court allows Riso to file a reply brief, equity demands that this Court allow Great American leave to file a sur-reply brief. Great American seeks leave to file a sur-reply 10 days from the date of this Court's order on the pending motion, if the Court should elect to grant the motion.

Respectfully submitted,

GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

By its attorneys,

*/s/ */

| | |
|---|---|
| Richard H. Nicolaides, Jr. | A. Hugh Scott (BBO#449160) |
| Mary F. Licari | Robert A. Kole (BBO#633269) |
| Sarah E. Eversman | Choate, Hall & Stewart |
| Bates & Carey LLP | Two International Place, 100-150 Oliver Street |
| 191 N. Wacker Drive, Suite 2400 | Boston, MA 02110 |
| Chicago, IL 60606 | Tel: (617) 248-5000 |
| Tel: (312) 762-3210 | Fax: (617) 248-4000 |
| Fax: (312) 762-3200 | |

Date: October 14, 2005
181996

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 10/14/05

*/s/*

4