IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, et al., | ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | Consolidated Civil Action Nos. | 04-12260-GAO 04-12397-GAO |
| RISO, INC. | ) ) | | |
| Defendant. | ) ) | Honorable Judge George A. O'Toole, Jr | |
| RISO, INC., | ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | | |
| GREAT AMERICAN INSURANCE COMPANY, et al., | ) ) ) | | |
| Defendants. | ) | | |

**GREAT AMERICAN'S RESPONSE TO RISO'S REPLY BRIEF**

Great American Alliance Insurance Company, Great American Assurance Company, Great American Insurance Company and Great American Insurance Company of New York (collectively "Great American") submit this response to the reply brief submitted by Riso, Inc. ("Riso").

Riso's reply brief offers the same arguments it has made twice before, once again trying to muddle the straight-forward issue Riso's coverage claim presents - - whether Great American must defend Riso pursuant to the personal injury insuring agreement, where the plaintiffs in the underlying Modesto Action did not assert, *and admittedly could never assert,* a personal injury offense against Riso. Courts that have squarely addressed this issue resoundly respond - - no - - there is no duty to defend where the underlying plaintiffs do not assert a personal injury offense against the insured. (*See infra* at 3-4.) Riso ignores these cases and relies instead on cases discussing the scope of the

4041663v1

duty to defend under Massachusetts law. But the duty to defend cases are immaterial to resolving the motions pending before the Court.

The cases Riso cites hold, in relevant part:

- "Irrespective of the weakness of the underlying complaint, an insurer must undertake to defend its insured 'if the allegations are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms.'" *Garnet Construction Co. v. Acadia Ins. Co.*, 61 Mass. App. Ct. 705, 707 (2004) (citations omitted).

- In determining whether an insurer has a duty to defend "the process is one of envisioning what kinds of losses may be proved as lying within the range of the allegations of the complaint, and then seeing whether any such loss fits the expectation of protective insurance reasonably generated by the terms of the policy." *Winokur, Winokur, Serkey & Rosenberg, PC v. Commerce Ins. Co.*, 2004 WL 1588259, *3 (Mass. Super. May 21, 2004) (citations omitted).

- "It is the *source* from which the plaintiff's personal injury originates rather than the specific *theories of liability* alleged in the complaint which determines the insurer's duty to defend." *Bagley v. Monticello Ins. Co.*, 430 Mass. 454, 458 (1999) (emphasis in original).

- The duty to defend "is based on the facts alleged in the [underlying] complaint and those facts which are known by the insurer." *Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 406 Mass. 7, 11 (1989).

The principles set forth in these cases are designed to ensure that a complaint, not artfully drafted by underlying plaintiffs' counsel, does not preclude an insured from obtaining coverage for a claim that otherwise would fall within the scope of coverage and for which the insured is genuinely entitled to a defense. *See, e.g., A. Johnson & Co., Inc. v. Aetna Cas. and Sur. Co.*, 933 F.2d 66, 71-72 (1st Cir. 1991) ("Precision 'is not required in the complaint, and it is not necessary for determining a duty to defend....Whether [the insured] can obtain a defense from [its] insurer must depend not on the caprice of the plaintiff's draftsmanship, nor the limits of his knowledge, but on a potential shown in the complaint that the facts ultimately proved may come within the coverage.'") (citations omitted).

These principles are not in dispute here. This case does not turn on a narrow reading of the allegations contained in the underlying Modesto Complaint or a technical interpretation of the causes

2

4041663v1

of action pled by the Modesto Plaintiffs. To the contrary, Riso admits that the Modesto Plaintiffs did not allege, *and could never allege*, a personal injury offense against Riso, because Riso made no disparaging (or any other) statements about the Modesto Plaintiffs. It is this complete absence of even the possibility that the Modesto Plaintiffs could assert a covered claim against Riso that distinguishes this case from the duty to defend cases cited by Riso, and which precludes Riso from recovering its defense costs from Great American. *See Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.*, 439 Mass. 387, 394 (2003) (where the allegations of the underlying complaint "'lie expressly outside the policy coverage and its purpose, the insurer is relieved of the duty to investigate' or defend the [insured]") (citations omitted).

Riso will not accept settled case law and, instead, tries to turn the Great American policy on its head. For to follow Riso's logic, Great American would provide it with a defense for a personal injury offense not pled against Riso, and which the underlying Modesto Plaintiffs could never plead against Riso. Not surprisingly, Riso's unrestrained view is not consistent with how courts interpret the scope of third party personal injury coverage. *See Dryden Oil Co. of New England, Inc. v. Travelers Indem. Co.*, 91 F.3d 278, 285-86 (1st Cir. 1996) *(citation omitted)* (definition of "personal injury" is "very limited" and should not be broadly construed).[1]

In fact, courts confronted with fact patterns virtually identical to Riso's *Modesto* claim, applying a duty to defend standard as broad as *Boston Symphony*, refuse to find a duty to defend where the allegations of disparagement were not "of and concerning" the underlying plaintiffs.[2] The *Microsoft* and *QSP* courts found no duty to defend because, as the *QSP* court explained, the

---

[1] *See also Stein-Brief Group, Inc. v. Home Indem. Co.*, 76 Cal. Rptr.2d 3, 9 (Cal Ct. App. 1998); *Wake Stone Corp. v. Aetna Cas. and Sur. Co.*, 995 F. Supp. 612, 615 (E.D. N.C. 1998). For a discussion of these cases, see Great American's opposition brief at 4-5.

[2] *See Microsoft Corp. v. Zurich Am. Ins. Co.*, 2001 WL 765871, *6 (W.D. Wash. July 2, 2001). *See also Purdue Frederick Co. v. Steadfast Ins. Co.*, 801 N.Y.S.2d 781, 2005 WL 1662028, *6 (N.Y. Super. Ct. July 12, 2005); *QSP, Inc. v. Aetna Cas. and Sur. Co.*, 773 A.2d 906, 915 (Conn. 2001). For a discussion of these cases, see Great American's opening brief at 13-16, 18-19; opposition brief at 3, 11-12.

3

underlying plaintiffs were "not the proper parties to raise the allegations that ... trigger coverage, nor did the plaintiffs suffer any injury that would be causally connected to any offense covered under 'personal injury.'" *QSP*, 773 A.2d at 915. These cases, directly on-point, are dispositive of Riso's coverage claim.

Moreover, even if the Court could get past the fact that the Modesto Plaintiffs did not, and could not, assert a personal injury offense against Riso, the allegations in the Modesto Complaint relating to Riso's disparagement of a third party did not "materially contribute" to the underlying plaintiffs' damages. *See Open Software Foundation, Inc. v. United States Fidelity and Guar. Co.*, 307 F.3d 11, 21 (1st Cir. 2002) ("materially contributes" connotes a "range of causation narrower than a 'but for' test."). To the contrary, one has to study the Modesto Complaint very carefully to find *any* reference whatsoever to third party disparagement. Instead, it is clear from a review of the Modesto Complaint as a whole that it was Riso's unlawful restraints of trade and anti-competitive conduct, not a tangential reference to Riso's disparagement of its competitors, that "materially contributed" to the Modesto Plaintiffs' injuries.

Riso tries to make an end run around these truths by relying on an order in the *Western Duplicating* case to support its duty to defend claim.[3] Riso's reliance on *Western Duplicating* is wholly improper. It is axiomatic that whether Great American owed Riso a defense in the Modesto Action depends on the allegations contained in the Modesto Complaint, not a Court order in a very different case. *See Herbert A. Sullivan, Inc.*, 439 Mass. at 394 (duty to defend is decided by "matching the third party complaint with the policy provisions"). Unlike Modesto, the *Western Duplicating* action was brought by a competitor of Riso. (*See* Great American's opening brief at 12-14.) The plaintiff competitor alleged that Riso made disparaging remarks about its products and, as

---

[3] *See* Great American's opposition brief at 12-14.

4

4041663v1

such, Great American provided Riso with a defense in *Western Duplicating*. Rulings of the court in *Western Duplicating*, which involved a fact pattern completely distinct from *Modesto*, must be limited to the facts of that case and have no bearing on the pleadings in *Modesto*.

In the end, Riso's machinations - - construing policy provisions in isolation and ignoring others; overreaching in interpreting *Boston Symphony;* trying to piggyback on other litigation (*Western Duplicating*) - - serve only to show the ill-considered nature of Riso's arguments. The unassailable fact remains that the Modesto Plaintiffs did not, and could not, assert a claim against Riso for the personal injury offense of disparagement, and Riso therefore is not entitled to personal injury coverage from Great American.

Accordingly, for the reasons set out herein and in Great American's prior memoranda, Great American respectfully requests that this Court grant judgment in its favor and against Riso as a matter of law; deny Riso's Motion For Summary Judgment; and grant Great American such other and further relief as this Court deems just and proper.

Respectfully submitted,

GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

By its Attorneys,

/s/ Robert A. Kole
A. Hugh Scott (BBO#449160)
Robert A. Kole (BBO#633269)
Choate, Hall & Stewart
Two International Place, 100-150 Oliver Street
Boston, MA 02110
Tel:   (617) 248-5000
Fax:   (617) 248-4000

Richard H. Nicolaides, Jr.
Mary F. Licari
Sarah E. Eversman
Bates & Carey LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL  60606
Tel:   (312) 762-3210
Fax:   (312) 762-3200

Date: February 7, 2006

4041663v1